IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

EDGAR PATTON                                                                   PETITIONER

V.                                    CIVIL ACTION NO.: 1:16CV93-GHD-JMV

STATE OF MISSISSIPPI                                        RESPONDENT

## MEMORANDUM OPINION AND ORDER

Edgar Patton, a Mississippi inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Patton, despite having been afforded an opportunity to do so, has failed to respond. For the reasons set forth below, Respondent's motion is granted, and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

Patton was convicted for one count of false pretenses and four counts of fraudulent use of identifying information in the Circuit Court of Winston County, Mississippi, and was sentenced on February 9, 2011, to serve a period of incarceration in the custody of the Mississippi Department of Corrections. He was released from physical custody on Earned Release Supervision on December 20, 2015. *See* doc. # 7-2.

Proceeding *pro se*, Patton appealed the judgments of conviction and sentences to the Mississippi Supreme Court, which affirmed the decision of the trial court on December 13, 2012. *Patton v. State*, 109 So. 3d 66 (Miss. 2012), *reh'g denied* March 28, 2013 (Cause No. 2011-KP-

00106-SCT).[1] The United States Supreme Court denied Patton's petition for writ of certiorari on December 2, 2013. *See* doc. #7-4.

While he was pursuing his direct appeal, Patton filed a mandamus action in the Mississippi Supreme Court. *See* doc. #7-5 (docket in Cause No. 2010-M-01591). In the same cause, Patton later filed a habeas corpus petition on April 5, 2013, and the petition was denied by Order filed May 23, 2013. Docs. # 7-6 and #7-7.

Patton subsequently signed his federal habeas petition on May 23, 2016, and it was stamped "filed" in this Court on May 26, 2016.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

---

[1] Patton's judgment was initially reversed. *See Patton v. State*, 34 So. 3d 563 (Miss. 2010). The instant action involves his subsequent convictions and sentences on remand.

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Analysis

Patton's judgment became "final" for purposes of the AEDPA on December 2, 2013, when the Supreme Court denied his petition for writ of certiorari. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").[2] Absent tolling, Patton's petition for federal habeas relief was due on or before December 2, 2014, to be deemed timely.

Patton is not entitled to statutory tolling of the limitations period, as the mandamus and habeas relief Patton sought in the Mississippi Supreme Court **before** his conviction became final cannot invoke statutory tolling of the federal limitations period. *See also Moore v. Cain*, 298 F.3d 361, 366 (5th Cir. 2002) (noting mandamus relief not collateral review that would toll federal limitation period). However, even assuming Patton was afforded tolling during the forty-eight day period that the habeas motion was pending (April 5, 2013 to May 23, 2013), Patton's

---

[2] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

3

federal habeas petition would have been due no later than January 19, 2015 (December 2, 2014 plus 48 days).

At the earliest, Patton's federal habeas petition was filed in this Court on May 23, 2016[3], well beyond the AEDPA deadline. Patton has not demonstrated that he was "actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," and the Court finds that he is not entitled to an equitable tolling of the limitations period. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Accordingly, the Court concludes that the instant petition should be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Patton must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Patton's petition for writ of habeas corpus is rejected on procedural grounds, Patton must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondent's "Motion to Dismiss

---

[3] The Court notes that Patton was not incarcerated at the time he signed the instant federal habeas petition, as he had been released on supervision in December 2015.

4

Pursuant to § 2244(d)" [7] and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as Patton failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 14th day of September, 2016.

_____
**SENIOR U.S. DISTRICT JUDGE**